# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

STUART M. SELDOWITZ,
        *Plaintiff-Appellant,*

v.

OFFICE OF THE INSPECTOR
GENERAL OF THE UNITED STATES
DEPARTMENT OF STATE,
        *Defendant-Appellee.*

No. 02-1850

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge; Welton Curtis Sewell,
Magistrate Judge.
(CA-99-1031-A)

Argued: October 31, 2003

Decided: February 3, 2004

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Andrew Grosso, Washington, D.C., for Appellant. Richard Parker, Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** William M. Palmer, Boston, Massachusetts; Theodore Allison, Washington, D.C., for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant, Stuart Seldowitz appeals the district court's orders denying his motion to amend the complaint, denying his motion for sanctions, and denying his motion for attorney's fees. Finding no reversible error, we affirm.

I.

This controversy is again before this court after our remand directing the district court to allow discovery on whether Seldowitz could seek changes to internal review records compiled by the State Department's Office of the Inspector General. As the facts of this case are thoroughly recounted in our previous decision, *Seldowitz v. Office of the Inspector General*, No. 00-1142, 2001 WL 1742098 (4th Cir. Nov. 13, 2000) *cert. denied* (Oct. 2, 2001), we will sketch them only briefly here.

Seldowitz is a veteran Foreign Service Officer in the United States Department of State. In 1990, the Office of Audits of the State Department's Inspector General reviewed travel vouchers submitted by a delegation to the Nuclear Space Talks in Geneva, Switzerland. Seldowitz and his wife were a part of this Geneva delegation. Based on its review, the Office of the Inspector General ("OIG") investigated Seldowitz for submitting a false claim against the United States as a result of amounts claimed on his travel voucher. The findings of the investigation were turned over to the United States Attorney's office for the Eastern District of Virginia, and in 1995, the United States Attorney notified Seldowitz that he was contemplating a civil prosecution under the False Claims Act. *See* 31 U.S.C.A. §§ 3729-33 (West 2003). After meeting with officials from the State Department, the OIG, and the United States Attorney's office to discuss the possible civil prosecution, Seldowitz entered into a settlement agreement with the government.

Seldowitz later requested copies of his travel vouchers from the National Finance Center and, in March 1998, after reviewing these materials, he requested that the State Department records be amended pursuant to the Privacy Act. *See* 5 U.S.C.A. § 552a (West. 1996 & Supp. 2003). Specifically, Seldowitz requested that the records "be amended in order to accurately reflect that Mr. Seldowitz properly followed all Department procedures when submitting his voucher requests." *Seldowitz*, 2000 WL 1742098 at *2 (internal quotation marks omitted). The Office of Information Resources Management responded that it would be improper to consider amending the records because the Integrity Committee of the President's Council on Integrity and Efficiency was investigating a complaint filed by Seldowitz regarding the OIG investigation.

On April 19, 1998, Seldowitz filed a complaint in the United States District Court for the District of Columbia, and amended the complaint on August 13, 1998.* Seldowitz alleged that the government violated the Privacy Act by failing to maintain accurate records, wrongfully threatening a False Claims act prosecution and coercing a settlement, and improperly refusing to amend records. The records Seldowitz sought to amend were: (1) the OIG records compiled while the OIG was investigating Seldowitz for a possible False Claims Act violation; (2) the records compiled by the OIG Office of Audits; and (3) the OIG internal review records responding to allegations of OIG misconduct regarding its investigation of the Geneva delegation's travel vouchers. The district court dismissed two counts on statute of limitations grounds, and later granted summary judgment in favor of the government as to all three sets of records that Seldowitz sought to amend. Seldowitz appealed.

On appeal, this court affirmed the district court's conclusion that two of Seldowitz's claims were barred by the statute of limitations. We further affirmed the district court's grant of summary judgment as to the audit records and records of the investigation. However, we reversed the district court's grant of summary judgment on the internal records and remanded for discovery.

---

*The case was transferred to the United States District Court for the Eastern District of Virginia on June 30, 1999.

## II.

On remand, the district court directed discovery on the issues identified by this court. On October 18, 2001, Seldowitz filed a motion to amend his complaint to add, as an additional count, an allegation that he was improperly forced to accept a settlement to avoid possible liability under the False Claims Act. A magistrate judge granted Seldowitz's motion, but the OIG appealed that decision to the district court. The district court reversed the magistrate judge's decision and denied the motion to amend because the proposed count exceeded the limited scope of the case on remand and because the amendment would be a nullity in that the proposed claim was barred by the applicable statute of limitations.

During the proceedings that followed, Seldowitz conducted discovery on the issues identified by this court in its remand. While discovery was proceeding, Seldowitz noticed a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure. According to the notice, the deposition was to take place on February 15, 2002. Some time before the deposition was to occur, counsel for the OIG informed Seldowitz that she would be unable to attend because she was scheduled to appear before the district court on another matter. Despite being informed of this fact and receiving a copy of the government's motion for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure, Seldowitz convened the deposition and incurred the costs incident thereto.

On March 8, 2002, Seldowitz filed a motion seeking an award of sanctions — equal to the cost associated with convening the deposition — under Federal Rule of Civil Procedure 37(d). Under questioning by the magistrate judge, however, Seldowitz confessed that he convened the deposition despite his foreknowledge of opposing counsel's inability to attend and that he did so to make a point. Based on these facts, the magistrate judge determined that sanctions were inappropriate. Upon review, the district court concurred, finding that

> [t]he record demonstrates that the Defendant notified the Plaintiff at least three times prior to the deposition date that Defendant could not attend. Plaintiff never attempted to reschedule the date. There is no indication of bad faith or fault

on the Defendant's part that caused Plaintiff harm. Any financial injury incurred by the Plaintiff was purely by his own design.

Supp. J.A. 397 (internal citation omitted).

Following discovery, a non-jury trial on the claims involving the internal records was held. The district court entered an order for the OIG, finding that, as a matter of fact, the Internal Review Records of the Special Inquiry had been destroyed, and concluding that the Special Inquiry Seldowitz sought to amend was not retrievable within a "system of records" as that term of art is used in the context of the Privacy Act. Thus, the court held that Seldowitz was not entitled to amend any of the OIG's records.

Seldowitz thereafter sought an award of attorney's fees, arguing that he "substantially prevailed" in the case below. The district court denied Seldowitz's motion, finding that Seldowitz

did not receive any relief for his claims under the Privacy Act, nor did he receive the relief requested in his Amended Complaint. [Seldowitz] sought to compel the amendment of a record which contained the suggestion that he violated the False Claims Act — he did not meet this objective as judgment was for [the OIG]. [Seldowitz] received absolutely no judicial relief on his Complaint.

J.A. 291.

### III.

On appeal, Seldowitz contends that the district court erred by denying his motion to amend the complaint, denying his motion for sanctions, and denying his motion for attorney's fees. We have carefully reviewed the record and considered the parties' arguments, as set forth in their briefs and as made at oral argument. For the reasons given by the district court in its various rulings, we affirm the judgment of the district court.

*AFFIRMED*